# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America <br> v. <br> Brent Cecil Miller | Case No: 5:17-cr-47-KDB-DCK-1 <br><br> USM No: 33854-058 |
| Date of Original Judgment: 06/07/2018 <br> Date of Previous Amended Judgment: <br> *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 06/07/2018 shall remain in effect.
**IT IS SO ORDERED**.

Signed: March 27, 2024

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge

*Judge's signature*

Effective Date: _____        Kenneth D. Bell
*(if different from order date)*       *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  Brent Cecil Miller
CASE NUMBER:  5:17-cr-47-KDB-DCK-1
DISTRICT:  Western District of North Carolina

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____   Amended Total Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: ____ to ____ months   Amended Guideline Range: ____ to ____ months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821 because his offense was committed while he was under a criminal sentence. Defendant had 15 criminal history points before the addition of the 2 status points. (Doc. No. 25, ¶ 53). With the removal of 1 status point (because he had 7 criminal history points or more), criminal history points of 16 still equals a criminal history category of VI and thus no change for the Defendant.  There is no need for appointment of counsel in this matter.

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Doc. No. 17: Plea Agreement at 2). Section 404(c) of the First Step Act specifies that a court "shall not entertain" a reduction motion where the sentence was imposed in accordance with the Fair Sentencing Act of 2010. Here, the defendant was sentenced on June 5, 2018, (Doc. No. 33: Judgment at 1), well after the effective date of the Fair Sentencing Act. Therefore, Defendant is not eligible for a sentence reduction under the First Step Act.

To the extent Defendant's cryptic note is a request for compassionate release, he neither alleges any extraordinary and compelling reasons nor attaches any evidence to support any claim.  The Court will not consider this empty claim.